## CHURCHILL ET AL. v. WOODRUFF.

[No. 9,393. Filed December 19, 1917.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.— Invasion of Province of Jury.*—In an action for personal injuries by a laundry employe whose hand was drawn into a mangle, instructions that a statute provided that machinery used in a laundry must be properly guarded where it could be done without destroying its usefulness, and that at the time plaintiff received her injuries there was a statute in force which required machinery such as a clothes mangle in a laundry that was propelled by steam and electric power to be guarded when in use whenever that could be done without in any manner materially impairing its usefulness, were erroneous because invading the province of the jury by taking from it the question of fact as to whether the mangle was a dangerous machine within the meaning of the statute requiring dangerous machinery to be guarded. p. 243.

2. APPEAL.—*Presenting Questions for Review.—Instructions.— Exceptions.—Sufficiency.*—An exception to an instruction dated and signed by the trial judge and showing that it was taken at the time the instruction was given is sufficient under §560 Burns 1914, §535 R. S. 1881, relating to exceptions to instructions. p. 244.

3. APPEAL.—*Review.—Instructions.—Urging Jury to Agree.*—An instruction urging the jury to agree, and stating that the judge had no means of knowing how the jury stood or what difficulty prevented an agreement, but that it was important that a verdict be secured, litigation being expensive, that the court had no right to and was not asking any juror to yield up his conscientious and settled convictions as to the evidence, but that the matter was not one of life and death but purely a business matter, that all

business transactions are done upon the theory of listening and yielding to the views of others where the opposite views are reasonable, and that in a civil case the jury should approach the solution of the question in that spirit and not in the spirit of controversy, etc., and should not allow any outside consideration to have any weight, but to be governed solely by the evidence and instructions, that feeling of sympathy, resentment or prejudice should not enter into the jury's deliberations, and that each juror should consider seriously whether his individual judgment might not be mistaken, was erroneous.   p. 245.

From Marion Superior Court (94,964); *William W. Thornton,* Judge.

Action by Ruth Woodruff, by her next friend, Carrie Woodruff, against Omer T. Churchill and William Otto Jones, partners doing business under the firm name of Geneva Laundry. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Bingham & Bingham,* for appellants.

*John O. Spahr* and *Edgar M. Blessing,* for appellee.

IBACH, C. J.—Appellee, a girl seventeen years of age, was injured while employed by appellants in their laundry by having her hand drawn into a mangle. This particular mangle was a machine consisting of a large cylinder and several small rolls set in a frame and so constructed that when in motion the large cylinder turned against and upon the smaller rolls which were placed at fixed intervals around it, the small rolls turning in an opposite direction, giving the machine an intake feed of great compression. On one side of the mangle, a short distance above the point of contact of the rolls, was a brass feed plate, over and upon which clothing was fed into the mangle by the operator. It was run by steam power and the large cylinder and other parts

of the mangle were heated to a great heat. In feeding clothing into said mangle it was necessary for the operator to place her hands upon the brass feed plate and in close proximity to the point of contact between the rolls.

The theory of the first paragraph of complaint is that the mangle was a dangerous machine which could be guarded without interfering with its usefulness, and that the appellants carelessly and negligently furnished and maintained an improper and insufficient guard on said mangle, and that such negligence was the proximate cause of appellee's injury. The second paragraph is substantially the same as the first, except that it alleges a failure to furnish any guard.

Numerous errors are assigned, but the overruling of appellant's motion for a new trial presents the controlling questions.

Under such assignment it is urged that the court erred in the giving of instructions Nos. 7 and 12 of its own motion. Instruction No. 7 reads:

1. "Another statute provides that machinery used in a laundry shall be properly guarded where it can be done without destroying its usefulness." So much of No. 12 as is necessary to present the objections reads: "At the time the plaintiff received her injuries there was a statute in force in this state which required machinery such as a clothes mangle in a laundry that was propelled by steam and electric power, to be guarded when in use whenever that could be done without in any manner materially impairing its usefulness for the purpose it was intended, and this action is based upon a violation of that statute  *  *  *."

Appellants claim these instructions were errone-

ous, in that they instructed the jury that a statute of this state required the mangle in question to be guarded, and that they invaded the province of the jury by taking from it the question of fact as to whether the mangle in question was or was not a dangerous machine within the meaning of the statute.

Appellee seeks to justify the giving of these instructions upon the ground that it was an uncontroverted fact in this case that the machine was a dangerous one within the meaning of the statute. The record does not seem to bear appellee out in her contention. One of the issues raised by the complaint and general denial thereto was the dangerous character of the machine in question, and several witnesses testified upon the subject. We think that, under the issues and the evidence, whether the mangle was a machine of a dangerous character or not was a question of fact for the jury. *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 612, 88 N. E. 69.

The giving of such instructions, and especially No. 12, was error.

It is next claimed that the court erred in giving instruction No. 19, which was given after the other instructions had been reread at the request of the jury. As preliminary to a discussion of this instruction, it is insisted by appellee that the instruction is not properly excepted to. The objection made by appellee is that the exception to the giving of said instruction was taken under §560 Burns 1914, §535 R. S. 1881, and that it does not appear that it was taken prior to the return of the verdict of the jury. The exception is dated and signed by the judge and shows that it was taken at

the time the instruction was given.  This was suffi-cient.

The instruction reads: "You have now been considering this case for about eighteen hours and have not been able to agree.  I have no means of knowing how you stand or what the difficulty is which prevents your agreeing, but I think it proper to say that it is very important that a verdict be secured.  Litigation is very expensive to the parties and the county as well; I have no right to ask any juror to yield up his conscientious and settled convictions as to the evidence and I do not ask you to do that.  This is not a matter of life and death to the parties but is purely a business matter.  No twelve men endeavoring to transact a business matter would be able to have absolutely the same views, but all business transactions are done upon the theory of listening to the views of others and yielding some of your own where the opposite view is reasonable.  In a civil case a jury should approach the solution of the question in that spirit and not in a spirit of contention or controversy, nor in a spirit of resentment or ill-feeling toward the parties or other members of the panel, nor should they allow any outside consideration or motives to have any weight in deciding the case, but the jury should be governed solely by the evidence in the cause and the instruction of the court.  Feelings of mere sympathy on the one hand or of resentment or prejudice on the other should have no place in your deliberations.  Now in view of the fact that other jurors take a different view of the evidence from yourself, I ask each juror to seriously consider whether your individual judgment may not be mistaken.  With these admonitions you will retire to your jury room and make fur-

ther earnest effort to see whether you cannot reconcile your views.''

An instruction substantially the same as the one here involved was recently before this court for consideration in *Picken* v. *Miller* (1915), 59 Ind. App. 115, 108 N. E. 968, and we there held that the giving of such an instruction was harmful error. Appellee's contention that the two instructions can be distinguished cannot be upheld. The slight change in the language used is not sufficient to remove the vice of the instruction. *Picken* v. *Miller, supra,* and cases cited.

For the error in the giving of instructions the motion for a new trial should have been granted.

Other questions are raised, but, as they are not likely to arise on a second trial, it is deemed unnecessary to give them further consideration.

Judgment reversed, with instructions to grant appellants' motion for a new trial.

Note.—Reported in 118 N. E. 136.